POGUE, Judge,
concurring:
I agree with the majority that the decisions in Texas Office of Pub. Util. Counsel v. FCC, 183 F.3d 393 (5th Cir.1999) (“TO-PUC’), and Meneo Communs., Inc. v. FCC, 201 F.3d 608 (5th Cir.2000), control the outcome in this case. I write separately to express my concerns with the TO-PUC court’s conclusions that access charges are implicit subsidies, and that “the plain language of § 254(e) does not permit the FCC to maintain any implicit subsidies,” thus preventing the court from “afford[ing] the FCC any Chevron step-two deference in light of this unambiguous Congressional intent.” See TOPUC, 183 F.3d at 425; see also Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837, 842-43, 104 S.Ct. 2778, 2781-82, 81 L.Ed.2d 694 (1984) (holding that if “Congress has directly spoken to the precise question at issue,” the court must “give effect to [Congress’s] unambiguously expressed intent”; if the statute is silent or ambiguous with respect to the question at issue, the court asks “whether the agency’s answer is based on a permissible construction of the statute”).
Section 254(e) provides that “support should be explicit and sufficient to achieve the purposes of this section.” 47 U.S.C. § 254(e) (1986) (emphasis added). It is simply not clear to me that this language amounts to a “plain, direct statutory command.” TOPUC, 183 F.3d at 425. Indeed, it is accepted that “should” does not convey a command in the same way that “shall be explicit” or “must be explicit,” as is acknowledged in TOPUC itself in addressing a different part of the statute. See TOPUC, 183 F.3d at 418 (“Generally speaking, courts have read ‘shall’ as a more direct statutory command than words such as ‘should’ or ‘may.’ ”) (footnote omitted). Moreover, the statute is silent insofar as it does not define any of the relevant terms (“explicit,” “implicit,” “support” or “subsidy”), and the TOPUC court recognized that the statute is ambiguous as to the meaning of “explicit.” See TOPUC, 183 F.3d at 425. It is also relevant that § 254(b) of the statute, which lists “Universal service principles,” states that support mechanisms “should be specific, predictable and sufficient ... to preserve and advance universal service.” 47 U.S.C. § 254(b)(5). That § 254(b)(5) does not suggest that support mechanisms should also be explicit makes it even more difficult for me to agree that § 254(e) is unambiguous on its face.
Assuming that the language of § 254(e) is ambiguous, then Chevron step two should apply. In TOPUC, the FCC advanced an argument that access charges could be maintained because they are explicit to the carrier, even though implicit to the consumer. See TOPUC, 183 F.3d at 425. It is not evident to me that interpreting the statute to mean “explicit to the carrier” is an unreasonable interpretation of the language “should be explicit.” The statute does not answer the question of to whom the support should be explicit, nor does it suggest that support be explicit to all parties. It thus seems to me that the FCC’s interpretation may well be reasonable, especially where the support mechanism is otherwise “specific, predictable and sufficient ... to preserve and advance universal service,” and, generally, “to achieve the purposes of this section.” 47 U.S.C. §§ 254(b)(5), (e).
*941 Although I respect the controlling effect of TOPUC and Alenco on the disposition of this case, it is my opinion that the TOPUC court failed to afford the FCC’s interpretation of the statute the deference required under the Chevron doctrine. For these reasons, I concur.